PEDRO A. JIMÉNEZ MERCED, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE CAGUAS, HON. J. C. SANTIAGO MATOS, JUEZ, demandado.

*Número:* O-71-248          *Resuelto:* 31 de mayo de 1972

*Luis Ángel López Olmedo,* abogado de la peticionaria.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En 8 de junio de 1971, Pedro A. Jiménez Merced radicó ante la Sala de Caguas del Tribunal Superior, demanda de divorcio contra su esposa Francisca Poupart, alegando la causal de separación por más de tres años.

La demandada fue emplazada el día 10 del mismo mes y año. El día siguiente se radicó en la Secretaría del Tribunal el diligenciamiento de dicho emplazamiento y el 23 del mismo mes se anotó la rebeldía de la demandada. El 29 de junio el tribunal dictó sentencia decretando el divorcio entre las partes, concediendo la patria potestad sobre los hijos menores a la demandada y fijando una pensión de $150.00 quincenales. Esta sentencia se notificó al abogado del demandante, a la demandada personalmente y al abogado Joseph L. Martínez, archivándose en autos copia de dicha notificación el día 8 de julio de 1971.

El 19 de julio de 1971, la demandada, representada por el abogado Joseph L. Martínez, radicó una moción solicitando el traslado del caso para la Sala de San Juan del Tribunal Superior. En igual fecha radicó también una moción para que se dejara sin efecto la sentencia.

Se alegó en esta última moción que la demandada contrató los servicios del abogado Joseph L. Martínez el día 15 de junio de 1971 y que éste se había comunicado por teléfono con el abogado del demandante indicándole que éste había radicado una demanda de divorcio por trato cruel ante la Sala de San Juan del Tribunal Superior y que el día 2 de junio de 1971, la vista del caso había sido suspendida a solicitud del abogado del demandante en aquel caso Lic. Enrique Calderón, con el allanamiento de la demandada; que en 22 de junio del mismo año el abogado señor Martínez envió por correo a la Sala de Caguas del Tribunal Superior, una moción solicitando el traslado del caso para la Sala de San Juan de dicho tribunal; que no obstante tener el abogado del demandante conocimiento de que el abogado señor Martínez representaba a la demandada, notificó a ésta y no a él, la moción sobre anotación de rebeldía

y la moción solicitando señalamiento para la vista del caso. Alegó además que no existía la causa de separación por más de dos años.

El demandante se opuso por escrito a dicha moción. Alegó entre otras cosas, que en la moción no se exponían fundamentos de derecho que autorizaran al tribunal dejar sin efecto la sentencia, ni era dicha moción una de reconsideración.

Señalada y discutida dicha moción, el tribunal, en 17 de septiembre de 1971 dictó una resolución declarándola con lugar y dejando sin efecto su sentencia de 29 de junio de 1971. Posteriormente pero en la misma fecha el tribunal dictó una resolución *nunc pro tunc* disponiendo que el caso 70-1340 debía seguir su curso en la Sala de San Juan del Tribunal Superior y que lo expuesto en su resolución dejando sin efecto la sentencia no debía afectar los planteamientos ni los méritos de dicho caso 70-1340. La reconsideración de estas resoluciones fue denegada.

Para la fecha en que se dictó la resolución dejando sin efecto la sentencia, ya el demandante había contraído matrimonio con la señora Carlota Mejías Rosario, matrimonio éste celebrado el día 14 de agosto de 1971, luego de haber obtenido aquél copia certificada de la sentencia de divorcio ya firme.

■ La Regla 49.2 de Procedimiento Civil[1] faculta a los tribunales para relevar a una parte o a su representante legal de una sentencia, orden o procedimientos bajo aquellas condiciones que considere justas, y por las razones enumeradas en la propia Regla. Expresamente establece dicha Regla que sus disposiciones no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (3) ó (4), a saber:

"(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa.

(4) Nulidad de la sentencia."

---

[1] La moción bajo la Regla 49.2 no afecta la finalidad de la sentencia.

De conformidad con las constancias en el expediente, no se adujeron y probaron por la demandada, ninguna de las razones expuestas en los anteriores incisos de la Regla 49.2.

■ La sentencia de divorcio no es nula. La demandada fue debidamente emplazada y el tribunal adquirió jurisdicción sobre su persona. Aun cuando no había comparecido en autos dentro del término legal que tenía para ello fue notificada del señalamiento para la vista del caso. La sentencia también fue notificada a la demandada y a su abogado, según ya expusimos. Tampoco se alegó, y menos se probó fraude ya fuera éste intrínseco o extrínseco. La omisión del demandante de informar a la Sala de Caguas del Tribunal Superior que había otra acción de divorcio entre las mismas partes pendiente ante otra Sala, no es constitutiva de fraude. La demandada fue emplazada y ésta encomendó su defensa a un abogado. Sin embargo, éste no compareció en tiempo a nombre de la demandada a alegar contra la demanda. Tanto la moción del demandante sobre anotación de la rebeldía de la demandada, como la moción de señalamiento para la vista del caso fueron notificadas a la demandada personalmente. Su abogado, no lo era de récord, porque no había hecho comparecencia alguna en el pleito y de ahí que todas las notificaciones se hicieran a ella personalmente.

La alegación del abogado Joseph Martínez al efecto de que remitió a tiempo a la Sala de Caguas una moción de traslado no fue sustanciada con prueba. Esa moción fue radicada el 19 de julio de 1971, juntamente con la moción bajo la Regla 49.2. No surge del expediente ante nos que la demandada presentara prueba para sostener las alegaciones contenidas en su solicitud para que se le relevara de los efectos de la sentencia. (²)

Todo parece indicar que el tribunal a quo fundó su resolución dejando sin efecto la sentencia, en las razones enume-

---

(²) Véase, *Roca* v. *Thomson*, 77 D.P.R. 419 (1954).

radas en el inciso (1) de la Regla 49.2, ó sea, en error, inadvertencia, sorpresa o negligencia excusable. De ahí la censura de dicho tribunal a la conducta profesional de los abogados de las partes. "En cuanto al demandado", dijo el tribunal, "por no actuar con la diligencia requerida no sólo para hacer lo que debió haber hecho dentro del término de ley, sino para evitar que se pueda inferir que esa parte trata de retardar los procedimientos del caso civil para que sus resultados no puedan usarse ya como atenuante o ya como eximente en la acción criminal." ([3])

■ Sin embargo, ya hemos visto que el tribunal carece de facultad para relevar a una parte de los efectos de una sentencia dictada en pleito de divorcio por las razones incluidas en el indicado inciso (1) de la Regla 49.2.

Por los motivos expuestos *se anulará la resolución dictada por la Sala de Caguas del Tribunal Superior, en 17 de septiembre de 1971.*

El Juez Presidente, Señor Negrón Fernández, y el Juez Asociado, Señor Hernández Matos, no intervinieron.

---

([3]) Censuró al abogado del demandante por no informar al tribunal de la otra acción pendiente entre las mismas partes, ni sobre el incidente de traslado no resuelto. Esta última parte de la censura no la justifica el récord.